UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDALL S. CLARK, | ) | CASE NO. 1:05 CV 2467 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MEMORANDUM OF OPINION |
| CAMILLE M. CLARK, et al., | ) ) | AND ORDER |
| Defendants. | ) ) | |

On October 19, 2005, plaintiff pro se Randall S. Clark filed the above-captioned in forma pauperis action against Camille M. Clark and Robert Glodowski. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The statement of claim portion of the complaint states in its entirety as follows:

> 1. Plaintiff has been a resident of the state of Ohio for more than six months and the county of Cuyahoga for at least ninety days (90), immediately preceding the filing of this complaint.
>
> 2. Plaintiff states that the defendants Camille M. Clark and Robert Glodowski on or about June 2, 2004 have been guilty of violating plaintiffs civil rights, defamation of character, fraud, theft alienation of affection from natural born minor children, and extreme cruelty towards plaintiff; the particulars of which will be more fully adduced at the time of trial.

Although pro se pleadings are liberally construed, Boag

v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed in forma pauperis is granted this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*Donald C. Nugent 11/30/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE